# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KRISTEN FASO, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:16-CV-2-PRC |
| ) | |
| HORIZON INVESTMENT SERVICES, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 60], filed by Defendant Horizon Investment Services ("Horizon") on January 3, 2017. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## PROCEDURAL BACKGROUND

On January 4, 2016, Plaintiff Kristen Faso, *pro se*, filed a Pro Se Employment Discrimination Complaint, in which she alleges that "Plaintiff missed many days due to illness which is well documented by doctor's visits and tests and was terminated due to said illnesses." (Compl. at 2, ECF No. 1).

The case proceeded through discovery. On January 3, 2017, Horizon filed the instant Motion for Summary Judgment and, on January 5, 2017, sent a Notice of Summary Judgment Motion to Faso as required by Northern District of Indiana Local Rule 56-1(f). Faso has not filed a response, and her deadline to do so has passed.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on her pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**MATERIAL FACTS**

Northern District of Indiana Local Rule 56-1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)) (addressing the equivalent local rule for the United States District Court for the Northern District of Illinois); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

In the present case, Horizon, as the moving party, has submitted a Statement of Material Facts. Faso, however, has not submitted a response brief, much less a Statement of Genuine Issues. Therefore, the following facts asserted by Horizon and supported by admissible evidence are considered to exist without controversy for the purposes of this Motion for Summary Judgment.

Faso began working for Horizon in March 2006. At the time of her termination, Faso was responsible for overseeing the daily activities of the back office operations. This included overseeing the trader and administrator, generating daily reports, handling client calls, and being responsible

for a lot of the SEC compliance testing. Faso's duties required a regular and reliable presence in the office during business hours.

Horizon's written employment policy provides that poor attendance and excessive tardiness may lead to disciplinary action, including termination. Faso received a copy of this policy.

In 2013 and 2014, Faso began working from home with increasing frequency. Her reasons for working from home ranged from sickness of herself or of a family member, a flooded basement, power outages, and cable television repair appointments.

Horizon required that client telephone calls be answered by a person rather than by voicemail. Horizon did not have a system to automatically route calls to Faso when she worked from home.

On June 3, 2014, Horizon's Chief Compliance Officer, Thomas Hathoot, gave Faso a verbal warning for excessive absences from the office. As of that date, Faso had already missed 22 days of work in 2014.

Faso's October 31, 2014 Performance Evaluation contains the following comments. "Errors are made when procedures are not followed. Seems like errors are happening with a greater frequency." (Employee Performance Evaluation, ECF No. 61-5). "[Faso] has missed a number of days. An issue with working at home was getting out of hand. We discussed this and it has been corrected." *Id.*

In November 2014, Hathoot gave Faso a second warning about excessive absences. Hathoot instructed Faso that she must be physically present for work in the office, or, if sick, expend a sick day.

On February 3, 2015, Hathoot gave Faso a written warning regarding absenteeism and errors. Between the June 3, 2014 verbal warning and the February 3, 2015 written warning, Faso missed 24 days of work.

Between February 16, 2015, and March 9, 2015, Faso "was out for five days including three Mondays." (Hathoot Aff. 2, ECF No. 61-4). By March 2015, Faso's work errors steadily increased to include mistakes with establishing new accounts, mistakes in running exception reports, mistakes with incorrect email accounts, invoicing errors, deletion of necessary files, and a failure to follow instructions regarding client accounts.

On March 10, 2015, Faso's employment with Horizon was terminated due to absenteeism and poor work performance. Faso testified at her deposition that Horizon did not inform her either in writing or verbally that she was terminated for being sick too much.

Faso identified three medical afflictions that were present at some point during her employment with Horizon: acute renal failure, acid reflux, and chronic obstruction pulmonary disorder (COPD). The acute renal failure began in July 2014 and ended around October 2014. The acid reflux was diagnosed in March 2015, and the COPD was diagnosed "around March 2015." (Faso Dep. 23:1, ECF No. 61-1). The acid reflux and COPD were the driving forces behind Faso's absenteeism. No doctor placed formal work restrictions on Faso due to either her COPD or acid reflux.

Plaintiff did not identify any Horizon employees who had similar attendance issues but were treated more favorably.

**ANALYSIS**

Local Rule 7-1(d)(4) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *See Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *See Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764-65 (7th Cir. 2016); *Waldridge.*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

As described above, Federal Rule of Civil Procedure 56(e) provides that "[i]f a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Thus, summary judgment is appropriate when the non-movant does not respond, and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Horizon moves for summary judgment in this matter. Faso claims that she was terminated due to her illnesses, which had caused her to miss many days of work. Faso indicates in her Complaint that she is suing under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.

To prevail on a claim brought under the ADA, a plaintiff must prove that (1) she is disabled, (2) she is otherwise qualified to perform, with or without reasonable accommodation, the essential functions of her job, and (3) her employer made an adverse employment decision against her because of the disability or without making a reasonable accommodation for it. *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013) (citing *Winsley v. Cook Cty.*, 563 F.3d 598, 603 (7th Cir. 2011)).

In *Ortiz v. Werner Enterprises, Inc.*, the Seventh Circuit Court of Appeals abandoned the dichotomy of direct and indirect evidence on summary judgment in employment discrimination cases and held that, the "sole question that matters" is "[w]hether a reasonable juror could conclude that [the plaintiff] would have kept his job if he had a different ethnicity, and everything else had remained the same." 834 F.3d at 764, 766 (citing *Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734 (7th Cir. 1994)). The court also jettisoned the "convincing mosaic" as a legal standard. *Id.* Rather, all evidence should be considered together to understand the pattern it reveals. *Id.* (discussing *Troupe*). The court held that "district courts must stop separating 'direct' from 'indirect' evidence and proceeding as if they were subject to different legal standards." *Id.* at 765. Finally, the court clarified that its decision did not concern the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or any other burden-shifting framework. 834 F.3d at 766.

Although *Ortiz* was a Title VII case, the same procedures on summary judgment apply in employment discrimination cases brought under the ADA. *See Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001) (finding that the same methods of proof apply to an ADA discrimination claim as a Title VII claim); *see also Zegarra v. John Crane, Inc.*, No. 15 C 1060,

8

2016 WL 6432587, at *11, — F. Supp. 3d —, — (N.D. Ill. 2016) (applying *Ortiz* to an ADEA claim, noting that ADEA claims are analyzed under the same framework as Title VII claims).

Horizon first argues that Faso's medical conditions are not disabilities under the ADA. Under the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1). In this context, "substantially limits" is to be construed broadly in favor of expansive coverage and is not a demanding standard. 29 C.F.R. § 1630.2(j)(1)(I). Though Faso has not responded to the Motion for Summary Judgment, Horizon identified three medical conditions that Faso has had during her employment with Horizon: acute renal failure, COPD, and acid reflux. Because Horizon is entitled to summary judgment even if she is found to have a disability under the ADA, the Court assumes without deciding that Faso has a disability under the ADA.

Horizon also argues that Faso is not a qualified individual under the ADA. A qualified individual under the ADA is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). It is undisputed in this litigation that regular and reliable attendance in the office was an essential function of Faso's job at Horizon. Further, "[a]n employer is generally permitted to treat regular attendance as an essential job requirement and need not accommodate erratic or unreliable attendance." *Basden*, 714 F.3d at 1037 (citing *EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 948049 (7th Cir. 2001)). "A plaintiff whose disability prevents her from coming to work regularly cannot perform the essential functions of her job, and thus cannot be a qualified individual for ADA purposes." *Id.* Horizon has presented uncontroverted evidence that Faso missed 51 days of work from January 1, 2014, to

March 9, 2015. Faso has not presented the Court with any evidence or even any statement that she is able to reliably and regularly work in the office or that there is a reasonable accommodation that would have allowed her to have regular and reliable attendance in the office. There is no evidence from which a reasonable juror could determine that Faso, with or without reasonable accommodation, could maintain regular and reliable attendance in the office. Thus, Faso could not perform the essential functions of her position with Horizon and is not a qualified employee under the ADA. Accordingly, Faso's claim of employment discrimination in violation of the ADA fails.

Even if Faso had presented evidence to create a genuine issue of material fact as to whether she was a qualified employee under the ADA, the evidence of record shows that she was terminated due to absenteeism and poor work performance. As noted above, Faso did not respond to the Motion for Summary Judgment and has submitted no evidence to the Court. Horizon, on the other hand, has submitted evidence and argues that Faso cannot show that any medical condition caused her termination. Faso alleges in her Complaint that her termination was due to illness, but Faso cannot rest on her pleadings and must present evidence at the summary judgment stage. *Flint*, 791 F.3d at 769. Faso has not identified anything that she contends would be a reasonable accommodation that Horizon failed to make for her, much less presented evidence on the matter. Faso has not presented or pointed to any evidence suggesting that she was terminated because of a disability. Horizon identifies evidence that it made no written or oral statement to Faso indicating that she was terminated for being sick too much and that Faso did not identify any non-disabled Horizon employees with similar attendance records who were treated better than she was. Because the only evidence in the record indicates that Faso was terminated for absenteeism and poor performance and no evidence has been identified to connect the decision to terminate Faso with her disability or to

show a failure to reasonably accommodate Faso's disability, no reasonable juror could find that she was terminated due to her disability or a failure to reasonably accommodate it. Faso's claim also fails on this basis.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 60] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Horizon Investment Services and against Plaintiff Kristen Faso as to all claims in Plaintiff's Complaint.

The Final Pre-Trial Conference and Trial settings are hereby **VACATED**.

SO ORDERED this 16th day of March, 2017.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT